

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

null / ALL
Transmittal Number: 10478571
Date Processed: 10/29/2012

| | |
|---|---|
| Primary Contact: | Ms. Patsy Blackburn<br>Lowe's Companies, Inc.<br>1000 Lowe's Blvd<br>Mooresville, NC 28117 |
| Copy of transmittal only provided to: | Holley El-Akkad<br>Stacey Davidson<br>Dona Manley<br>Gaither Keener Jr. |

| | |
|---|---|
| Entity: | Lowe's Home Centers, Inc.<br>Entity ID Number 2515365 |
| Entity Served: | Lowe's Home Centers, Inc. |
| Title of Action: | Donna Thomas vs. Lowe's Home Centers, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Knox County Circuit Court, Tennessee |
| Case/Reference No: | 1-570-12 |
| Jurisdiction Served: | Tennessee |
| Date Served on CSC: | 10/26/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Edward G. White III<br>865-712-0963 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| DONNA THOMAS, | ) FILED |
| Plaintiff, | ) 2012 OCT 18 AM 9 51 |
| v. | ) CATHERINE F. QUIST |
| | ) CIRCUIT COURT CLERK Docket No. 1-570-12 |
| LOWE'S HOME CENTERS, INC., | ) |
| Defendant. | ) |

### SUMMONS

To the above-named Defendant(s):  Lowe's Home Centers, Inc.
Registered Agent: Corporation Service Company,
2908 Poston Ave.
Nashville, Tennessee 37203-1312

You are hereby summoned and required to serve upon **Edward G. White III**, Attorney for the Plaintiff, whose address is **810 Henley Street, Knoxville, Tennessee 37902**, a true copy of the defense to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. You will file the original pleading with the Court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this ___18___ day of __October__, 2011.

_____Catherine F. Quist_____
Clerk

_____Rosemg E. Theule_____
Deputy Clerk



## NOTICE

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may with to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:    Lowe's Home Centers, Inc.
Registered Agent: Corporation Service Company,
2908 Poston Ave.
Nashville, Tennessee 37203-1312

## RETURN

I received this Summons on the _____ day of _____, 2011.

I hereby certify and return that on the _____ day of _____, 2011:

[ ]   I served this Summons and a Complaint on Defendant _____
in the following manner: _____
_____

[ ]   I failed to serve this Summons within 30 days after its issuance because: _____

_____
Process server

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to persons with qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written Request for Modification to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator.

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

> Pat Carson, Suite 360 City-County Building, 400 Main Street, Knoxville, Tn. 37902
> (865) 215-2952  TTY 215-2497
> patcarson@knoxcounty.org

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

> Julie Taylor, 511 Union Street, Ste. 600, Nashville, Tn. 37219
> (615) 741-2687 OR (800) 448-7970
> adacoordinator@tscmail.state.tn.us

The Tennessee Judicial Branch Americans With Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form, may be found online at www.tsc.state.tn.us.

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

DONNA THOMAS, )
      Plaintiff, )
v. ) Docket No. 1-570-12
LOWE'S HOME CENTERS, INC., )
      Defendant. )

FILED 2012 OCT 18 AM 9 52
CATHERINE F. QUIST
CIRCUIT COURT CLERK

## COMPLAINT

Comes Donna Thomas, Plaintiff, by and through counsel, and for her action against the defendant, states as follows:

### I. PARTIES AND VENUE

1. The plaintiff, Donna Thomas ("Ms. Thomas"), is a citizen and resident of Knox County, Tennessee.

2. The defendant, Lowe's Home Centers, Inc. ("Lowe's"), is a North Carolina Corporation doing business in the State of Tennessee. The defendant may be served through its registered agent for service of process, Corporation Service Company, 2908 Poston Ave., Nashville, Tennessee 37203-1312.

3. Venue is proper in this Honorable Court pursuant to Tenn. Code Ann. § 20-4-104 because defendant's store is located in Knox County, Tennessee, and because Ms. Thomas has been employed at said location at all times material.

### II. FACTUAL STATEMENT

4. Ms. Thomas was hired by the defendant to work at Store 1544, located at 3100 S. Mall Road, Knoxville, Knox County, Tennessee. Ms. Thomas was hired on or about April 16, 2005.

1

5. On or about the morning of January 19, 2012, Ms. Thomas was working in the plumbing department at Lowe's and was approached by a customer named Danny with D&L Plumbing. Ms. Thomas had helped Danny on several occasions while performing her employment duties at Lowe's and had been acquainted with him for several years.

6. Danny asked Ms. Thomas to approve the return of a water-heater for a refund. Ms. Thomas determined that there was not enough damage to the water-heater to permit her to perform the return. She informed Danny that the return would need to be approved by her immediate supervisor, Angela Gaff, the manager of the plumbing department. Ms. Thomas then directed Danny to Ms. Gaff by pointing to her.

7. After Ms. Thomas pointed out Ms. Gaff to Danny, Danny turned around and told Ms. Thomas that on a previous occasion Ms. Gaff had told him that Ms. Thomas was married to a "nigger." Danny's exact words were as follows: "Oh yes, ask 'Miss Christian,' Angela, that told me you was [sic] married to a nigger." Ms. Thomas, a caucasian woman, is married to an African-American man named Theonder Timothy Thomas.

8. Ms. Thomas responded by asking Danny what her supervisor, Angela Gaff, said to him about her husband. Danny told Ms. Thomas that on a previous occasion, several months prior to January 19, 2012, when he was shopping at Lowe's, he had a conversation with Ms. Gaff who was working at the store as a manager at the time of the conversation. During that conversation, Ms. Gaff began talking about Ms. Thomas' marriage, referred to Ms. Thomas' husband as a "nigger," and said that Ms. Thomas was married to a "nigger." Danny clarified that he personally was not referring to Ms. Thomas' husband in that way but was instead telling Ms. Thomas that Angela Gaff had referred to her husband that way. Danny also said, "How would I have ever known you were married to a black man unless Angela your manager had told me?"

2

Ms. Thomas had never told Danny, prior to their conversation on January 19, 2012, that her husband was African-American.

9. Later that afternoon, toward the end of Ms. Thomas' shift, Ms. Thomas reported the incident to Julia, the manager of the millwork department at Store 1544.

10. The next morning, January 20, Ms. Thomas was approached by Julia, who informed Ms. Thomas that she had reported the incident to Mary Lou, the human resources manager of Store 1544.

11. That same day, Ms. Thomas was called to the human resources office to meet with Mary Lou. Mary Lou told Ms. Thomas that the incident would be investigated and that the customer, Danny, would be contacted regarding the incident.

12. At all times relevant, Ms. Thomas was required to continue working under Ms. Gaff as her manager and immediate supervisor following the report of discrimination.

13. On or about January 24 or 25, 2012, while working during her normally scheduled shift, Ms. Thomas was approached by Angela Gaff. Ms. Gaff asked if there was anything else Ms. Thomas would rather do in the store. Ms. Gaff then told Ms. Thomas in a threatening and intimidating manner that Ms. Thomas should resign from her position of employment at Lowe's.

14. On or about January 25, 2012, Ms. Gaff completed Ms. Thomas' "Performance & Development Plan" or "PDP," an annual evaluation of Ms. Thomas' performance as an employee at Lowe's. Angela Gaff gave Ms. Thomas the worst scores she had ever received in seven years as an employee of Lowe's.

15. Ms. Thomas avers that her marriage to an African-American man and her report of Ms. Gaff's use of discriminatory terms was the sole or substantial motivating factor in Ms. Gaff's decision to give Ms. Thomas a poor performance evaluation.

16. After waiting for over two weeks and hearing nothing from the human resources department at Lowe's, Ms. Thomas sent a letter detailing the acts of discrimination and retaliation against her to the Lowe's Internal Audit Department on February 7, 2012. Ms. Thomas sent the letter pursuant to the procedures for reporting discrimination and retaliation provided in the Lowe's employee handbook. The letter was received via certified mail on February 15, 2012.

17. In approximately April of 2012, Ms. Thomas was informed, via a meeting with the human resources department at her store, that an investigation had been performed and completed. She was informed during this meeting that no action would be taken by Lowe's in regards to Ms. Gaff's acts of discrimination and retaliation against Ms. Thomas.

18. Ms. Thomas is still required to work under Ms. Gaff, and Ms. Gaff is still Ms. Thomas's immediate supervisor and is still responsible for completing her performance evaluations.

19. Ms. Gaff's open hostility toward Ms. Thomas and her marriage to an African American man, her comments suggesting that Ms. Thomas work somewhere else, and her retaliatory actions have created a hostile working environment.

20. Ms. Thomas timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on April 17, 2012, a copy of which is attached hereto as *Exhibit A*. She received a "Right to Sue" letter on or about July 23, 2012, a copy of which is attached hereto as *Exhibit B*.

## III. CAUSES OF ACTION: DISCRIMINATION AND RETALIATION

21. The defendant's actions as set forth above constitute unlawful racial discrimination based on association, harassment, hostile work environment and retaliation, all in violation of the Tennessee Human Rights Act, codified at Tenn. Code Ann. § 4-21-101 *et seq.*, and Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000(e).

22. Ms. Gaff's actions were discriminatory based upon race and, specifically, upon Ms. Thomas's association with someone of a different race. Ms. Gaff's actions created and continue to create a hostile working environment.

23. Ms. Gaff retaliated against Ms. Thomas for reporting Ms. Gaff's discriminatory conduct by giving Ms. Thomas poor scores on her performance evaluation just days after Ms. Thomas reported Ms. Gaff's discriminatory conduct.

24. The defendant is liable for the actions of its employee, which were done in the course and scope of her employment.

25. The defendant, when it became aware of its employee's discriminatory conduct, failed to take any corrective action whatsoever, thereby allowing the hostile work environment to continue.

26. The defendant's action of allowing Ms. Thomas to be subjected to racial discrimination and retaliation was intentional, reckless, and malicious.

27. The defendant's actions constitute violations of the Tennessee common law of outrageous conduct and intentional infliction of emotional distress.

28. The actions of the defendant have caused damages to Ms. Thomas, including but not limited to loss of income or potential loss of income, to include back pay and front pay; stress and anxiety; embarrassment; humiliation; and emotional distress.

5

WHEREFORE, premises considered, Ms. Thomas respectfully prays:

1. That process be issued and served upon the defendant, requiring it to answer within the time proscribed by law;

2. That a jury of twelve be empaneled to hear this action;

3. That, following a trial of this matter, judgment be entered for the Plaintiff on her claims of discrimination and retaliation, enjoining the defendant from engaging in such unlawful employment practices and awarding Plaintiff compensatory damages, including but not limited to damages for lost wages, lost benefits, lost interest on wages and benefits, emotional distress, embarrassment, humiliation, and other incidental and consequential damages and expenses in the amount of $500,000.00, and punitive damages in the amount of $500,000.00 pursuant to 42 U.S.C. § 1981a, together with such equitable relief as the Court deems appropriate;

4. That the Plaintiff be awarded all costs associated with the prosecution of this action, including as reasonable attorney's fee, expert fees, and expenses in accordance with 42 U.S.C. §20003-5(k); and

5. That the Plaintiff be awarded such further and general relief as the equities of this cause may require and the Court may deem just and proper.

6

Case 3:12-cv-00605-HSM-CCS Document 1-1 Filed 11/19/12 Page 10 of 13 PageID #: 12

_____
Edward G. White III BPR # 029924
Attorney for Plaintiff
810 Henley Street
Knoxville, Tennessee 37902
(865) 712-0963

_____ with permission by
Kristi Davis, BPR #: 019487       _Edward G. White III_
Attorney for Plaintiff
617 Main Street
P.O. Box 869
Knoxville, Tennessee 37901
(865) 292-2307

## COST BOND

I acknowledge myself as surety for all costs, taxes and damages in this case in accordance with Tenn. Code Ann. § 20-12-120.

_Donna Thomas_ with permission
Donna Thomas, Principal  by _Edward G. White III_

_____
Edward G. White III, Surety

2012 OCT 18 AM 9 52
CATHERINE F. QUIST
CIRCUIT COURT CLERK
FILED

7

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented to: <br> ___ FEPA <br> _X_ EEOC | Agency(ies) Charge No(s): <br> FILED |
|---|---|---|
| | Tennessee Human Rights Commission and EEOC | 18 AM 9 52 |
| | State or local Agency, if any | |

Signature at top: *Rosemary C. Schuler*
Stamp: CATHERINE F. QUIST, CIRCUIT COURT CLERK

| Name (indicate Mr. Ms. Mrs.) <br> Ms. Donna Thomas | Home Phone (Incl. Area Code) <br> (865) 688-5183 | Date of Birth <br> November 3, 1952 |
|---|---|---|
| Street Address <br> 2300 McClain Road | City, State and ZIP Code <br> Knoxville, Tennessee 37912 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name <br> Lowe's Home Improvement Inc. | No. Employees, Members <br> 200 | Phone No. (Include Area Code) <br> 1 (800) 445 - 6937 |
|---|---|---|
| Street Address <br> 3100 S. Mall Road | City, State and ZIP Code <br> Knoxville, Tennessee 37917 | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

_X_ RACE  _X_ COLOR  _X_ SEX  ___ RELIGION  ___ NATIONAL ORIGIN
_X_ RETALIATION  ___ AGE  ___ DISABILITY  _X_ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest     Latest
January 19, 2012

_X_ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I have been subjected to discrimination at my workplace due to me being involved in a bi-racial marriage with an African-American. I have also been subjected to retaliation by one of the store managers for reporting an incident in which the same manager called my husband a "nigger."

Please see attached letter sent to Lowe's Ethics Department and the Lowe's Human Resources Department which describes the alleged discrimination and retaliation in greater detail.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

4/16/12 — Donna Thomas
Date / Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Donna Thomas
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Ex. A

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

*Rosemy K. Wheel*

| To: | Donna Thomas<br>2300 Mcclain Road<br>Knoxville, TN 37912 | FILED<br>2012 OCT 18 AM 9 52<br>CATHERINE F. QUIST<br>CIRCUIT COURT CLERK | From: | Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2012-01279 | Deborah K. Walker,<br>Supervisory Investigator | (615) 736-2109 |

NOTICE TO THE PERSON AGGRIEVED:

(See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Sarah L. Smith*                    JUL 20 2012

Sarah L. Smith,                    (Date Mailed)
Area Office Director

Enclosures(s)

cc:
George G. Cunningham, Esq.          Edward G. White III
LOWES HOME CENTERS INC              Law Offices
Mailcode-Nb6lg-6351                 800 Henley Street
1000 Lowes Blvd                     Knoxville, TN 37902
Mooresville, NC 28117

Ex. B